**Jerry VANDIVER, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 02–1338.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Jerry VanDiver, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 20, 2001, VanDiver filed his complaint against the Director of the Michigan Department of Corrections ("MDOC"), the Deputy Director of MDOC's Correctional Facilities Administration, the Department Specialist for MDOC's Correctional Facilities Administration, the Manager of MDOC's Internal Affairs Section, the Warden at the G. Robert Cotton Correctional Facility ("JCF"), the Assistant Deputy Warden at JCF, and a Resident Unit Manager at JCF. The gist of VanDiver's complaint is that VanDiver's security classification was increased and he was transferred from one housing unit to another in retaliation for VanDiver's outspoken involvement in a "warden's forum" (where VanDiver served as his housing unit's representative), for filing various grievances, and for assisting another inmate in prosecuting a civil rights lawsuit. VanDiver alleges that the increase in his security classification was based on "false information" and that all of the defendants conspired to violate his First and Fourteenth Amendment rights. VanDiver sought injunctive and monetary relief against the defendants in their individual and official capacities.

The defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that the defendants' motion for summary judgment be granted insofar as VanDiver is claiming a due process violation, but that VanDiver be permitted to amend his complaint to properly allege a First Amendment claim. Both parties filed objections to the report and recommendation. In an opinion and order filed March 5, 2002, the district court concluded that (1) VanDiver's claim regarding his security classification was not exhausted; (2) VanDiver's claim regarding his transfer was limited to his claim that defendants Straub, Taylor and Scutt transferred him from A–Unit to C–Unit in order to end his participation on the warden's forum; (3) defendants Straub, Taylor and Scutt were entitled to summary judgment on VanDiver's claim that the defendants transferred him in retaliation for his participation on the warden's forum; (4) VanDiver may not amend his complaint because the issues in this case are limited to those which were properly exhausted at the time the lawsuit was commenced; and (5) there was no reason to consider the defendants' entitlement to qualified immunity, as they were entitled to judgment on the merits. This timely appeal followed.

Although several issues were before the district court, the only issues raised by VanDiver in his opening brief on appeal are: (1) whether the defendants Straub, Taylor, and Scutt are entitled to summary judgment on VanDiver's claim that these defendants transferred him from one housing unit to another to remove him from the warden's forum (First Amendment retaliation claim); and (2) whether he should be permitted to amend his complaint to expand his First Amendment retaliation claim into an allegation that these prison officials plus defendants Hall, Zamiria, Bolden, and Martin conspired to change his housing assignment in retaliation for his involvement on the warden's forum and for assisting other inmates in filing grievances and prosecuting lawsuits. There-

fore, he has abandoned the remaining claims for purposes of appellate review. *See Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996); *Enertech Elec., Inc. v. Bd. of Mahoning County Commr's,* 85 F.3d 257, 259 (6th Cir.1996). VanDiver vaguely attempts to challenge the dismissal of the remaining claims in his reply brief. However, this court does not consider issues which were raised in the district court yet raised for the first time on appeal in a party's reply brief. *See United States v. Perkins,* 994 F.2d 1184, 1191 (6th Cir.1993).

■ The district court properly concluded that VanDiver could not amend his complaint to expand his retaliation claim. VanDiver has not exhausted his administrative remedies as to these expanded claims. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). The issues VanDiver may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance. *See Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001). The exhaustion requirement would be defeated if an inmate were permitted to raise additional issues and name additional defendants in a § 1983 action that were never mentioned in the grievance. Accordingly, the district court did not err when it concluded that VanDiver could not amend his complaint because the issues were limited to those which were properly exhausted at the time the lawsuit was filed.

This court reviews a district court's grant of summary judgment de novo. *See Richardson v. Township of Brady,* 218 F.3d 508, 512 (6th Cir.2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that defendants Straub, Taylor, and Scutt are entitled to summary judgment on VanDiver's retaliation claim that these defendants transferred him from one housing unit to remove him from the warden's forum. In order to state a claim of retaliation, VanDiver was required to show that he engaged in protected conduct, an adverse action was taken which would deter a person of ordinary firmness from continuing the conduct, and a causal connection existed between the conduct and the adverse action. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc).

■ The record fails to establish such a claim. VanDiver has no liberty or property interest in his position as an inmate representative on the warden's forum. *See Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Nor is he entitled to a particular housing assignment. *Id.* at 468, 103 S.Ct. 864. While a prison inmate may not be transferred in retaliation for engaging in protected First Amendment activity, VanDiver has no First Amendment right to represent other inmates in presenting their grievances absent a showing that "the inmate[s] receiving the assistance would otherwise be unable to pursue legal redress." *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). As the district court correctly points out, VanDiver has not demonstrated that the inmates he represented on the warden's forum could not have been represented by another inmate, or that they could not bring any concerns they may have to the attention of prison officials without VanDiver's as-

sistance. Because VanDiver has not established that he was engaging in protected First Amendment activity as a warden's forum representative, his retaliation claim against these three prison officials fails. *See Thaddeus–X*, 175 F.3d at 394.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.