NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0330n.06
Filed: April 28, 2005

No. 04-5681

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JASON DARWIN POWERS,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

_____/

Before:      MARTIN, COOK and LAY,[*] Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. The defendant, Jason Darwin Powers, was sentenced as an armed career criminal to a mandatory minimum prison term of fifteen years. He appeals the district court's decision to sentence him pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), claiming that the crimes constituting two of the predicate convictions under the Act were not committed "on occasions different from one another," *id*., and therefore should count as only one predicate conviction. Moreover, Powers asserts that in light of the Supreme Court's recent Sixth Amendment jurisprudence, the finding that his predicate convictions were not "on occasions

---

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

different from one another" must be made by a jury and proved beyond a reasonable doubt. Precedent requires that we reject Powers's arguments and AFFIRM his sentence.

**I.**

On October 31, 2003, Powers was arrested while in possession of twenty-one grams of methamphetamine, five hundred eighty-one grams of marijuana, $1,420 in currency, $860 in counterfeit currency, a .40 caliber pistol, digital scales, and plastic baggies. He later pled guilty to violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D). At the sentencing hearing, Powers objected to being sentenced under the Armed Career Criminal Act, contesting the fact that he had three prior convictions for violent felonies, a finding that would enhance his sentence from a maximum of ten years to a minimum of fifteen. Specifically, Powers asserted that two prior burglaries, both occurring within one hour on March 14, 1989, should be counted as only one predicate conviction, and not two separate predicate convictions.

Powers testified at the sentencing hearing that he and two friends decided to rob both an archery store and a hobby store. They planned to climb through the air-conditioning ducts into the stores and steal various archery and hobby related products. Upon arriving at the hobby store, they realized none of them was quite tall enough to reach the air-conditioning ducts and they needed a ladder. To find the much-needed ladder, they drove to the archery store, broke in, and stole, in addition to twenty-two compound bows, three boxes of arrows, three black powder rifles and other archery accessories, a deer-stand as an acceptable substitute for the ladder. Powers and his accomplices then drove back to the hobby store, used the deer stand to reach the air-conditioning

ducts, broke into the hobby store, and stole between six and nine thousand dollars worth of "remote control airplanes and some models." The two shops are approximately one-half-mile apart and the two burglaries were committed in less than one hour.

The district court reluctantly concluded that Sixth Circuit case law required the conclusion that the offenses were separate predicate offenses for purposes of the Act, and thus sentenced Powers to the mandatory minimum fifteen year term.

## II.

Under the Armed Career Criminal Act, it is at times more advantageous for a criminal defendant to characterize his past conduct as one continuous crime spree as opposed to separate incidents. The Act states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1) (emphasis added). Thus, the Act, at least in theory, is designed to punish armed *career* criminals or continuous recidivists. The language of the Act has, however, generated much litigation and little agreement as to what is meant by "occasions different from one another." This Circuit, sitting en banc, decided *United States v. Brady*, holding that "offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and that convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." 988 F.2d 664, 669 (6th Cir. 1993) (en banc).

In *Brady* itself, two of the defendant's predicate convictions were for robberies that occurred on the same night. *Id.* at 665. On the night of December 22, 1976, Brady brandished a sawed-off shotgun and robbed several women at the Mack Avenue Beauty Shop. *Id.* at 666. This robbery occurred at approximately 9:30 p.m. *Id.* No more than thirty minutes later, Brady entered the Club Continental Bar and ordered drinks. *Id.* About fifteen minutes later, he brandished the same weapon, robbed several people, and shot a woman in the leg. *Id.* Brady argued that his two convictions for armed robbery "should count only as one predicate offense because they represent[ed] a single, continuous crime spree rather than two separate offenses. Brady focuse[d] on the thirty to forty-five minute time period that separated the two offenses and argue[d] that close proximity in time merges otherwise distinct offenses for purposes of determining predicates under § 924(e)(1)." *Id.* at 668.

This Court found it relevant that Brady had successfully completed the first robbery and escaped from the beauty shop before undertaking the second robbery at the bar. Furthermore, after each robbery Brady was free to desist and leave, and the crimes were committed "against different victims at different places and at distinctly different times." *Id.* at 668-69. According to the Court, "while defendant Brady sat at the Club Continental Bar with his concealed shotgun, he could have decided that the one robbery he had committed was enough for the evening. Instead, he decided to rob again, and, after robbing the patrons of the bar, he shot one female patron in the leg. Thus, seen from either an objective or subjective point of view, defendant Brady's crimes were separate episodes." *Id.* at 669-70.

We have, in recent cases, remarked on a somewhat inconsistent application of *Brady*'s principle. *See United States v. Carnes*, 309 F.3d 950, 954-56 (6th Cir. 2002). That principle was first applied in *United States v. Wilson*, where the Court found separate predicate offenses where a defendant committed illegal sexual conduct against different victims on different floors of the same building, concluding that the defendant "could have halted his criminal rampage at any time," but like Brady, instead "chose to continue selecting different victims in separate places." 27 F.3d 1126, 1131 (6th Cir. 1994).

A year later, in *United States v. Graves*, 60 F.3d 1183 (6th Cir. 1995), this Court found *Brady* inapplicable to a defendant who had committed a burglary and then assaulted a police officer because the defendant "had not yet left the location of the burglary" when he assaulted the police officer. Therefore, the assault and burglary were considered to have occurred on the same occasion. *Id.* at 1187. This Court noted that "[i]t should not be necessary to reach to apply this statute; instead, the statute should be applied where the facts demand its application. This is not such a case." *Id.*

The next case to address the issue involved a defendant who committed an armed robbery of one residence in a duplex, and stayed behind in that residence to prevent its occupant from calling the police while his cohorts robbed the other unit of the duplex. *United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997). Because the defendant was only guilty of aiding and abetting the second robbery, having not left the first residence, this Court concluded that the defendant had not successfully completed the first robbery, and thus, there was no "definable endpoint" to the first event. *Id.* at 1210. With no definable endpoint to the first robbery, there was no second incident, and therefore no separate occurrences for purposes of the Armed Career Criminal Act.

Then, in *United States v. Thomas*, 211 F.3d 316 (6th Cir. 2000), this Court held that a defendant who raped two women during a period in which he maintained control over both women, did not constitute separate occurrences because of the "absence of a completion or definable endpoint." *Id.* at 321. The Court reached this conclusion despite the fact that the rapes occurred at separate locations, and each rape itself had an endpoint. *Id.* at 318.

And, in *Carnes*, where the defendant burglarized "two adjacent homes," this Court stated that the "obvious way to distinguish between these two robberies is that Carnes had to leave one residence in order to burglarize the second . . . [t]hus, unlike in *Murphy* or *Thomas*, it is possible to identify an endpoint between the two offenses." *Carnes*, 309 F.3d at 955-56.

It seems that our case law, specifically *Carnes*, dictates that this Court must reject Powers's argument. While Powers asserts that he and his companions went to the hobby store first, there is no evidence that they actually started burglarizing the hobby store before moving onto the archery store. In fact, Powers simply testified that they went to the hobby store, realized they could not reach the air-conditioning ducts, and therefore burglarized the archery store to get a ladder. Here, as in *Carnes*, "it is possible to identify an endpoint between the two offenses." *Carnes*, 309 F.3d at 956. When Powers robbed and then left the archery store, that offense was completed for purposes of our analysis, and became the first predicate offense. Then Powers robbed the hobby store and that became the second predicate offense. The district court therefore, appropriately applied Sixth Circuit precedent.[1]

---

[1]Writing only for myself, I continue to adhere to my belief that the "on occasions different from one another" language was not meant to encompass the conduct in this case. As I stated in response to the Court's holding in *Brady*, "[i]f this is what Congress intended, this is what Congress

**III.**

Powers also argues that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), *United States v. Booker*, 125 S. Ct. 738 (2005), and *Shepard v. United States*, 125 S. Ct. 1254 (2005), require a "revisitation" of the prior conviction exception to the Sixth Amendment. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Apprendi*, the Supreme Court referred to *Almendarez-Torres* as an "exceptional departure," *Apprendi*, 530 U.S. at 487, from the Sixth Amendment's general rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490. More recently, in his *Shepard* concurrence, Justice Thomas wrote that *Almendarez-Torres*

> has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez-Torres*, despite the fundamental imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements.

---

should have said. Because Congress did not say clearly that was the statutory intent, I cannot join in the conclusion that there is no ambiguity in section 924(e)(1)." *Brady*, 988 F.2d at 670. I also continue to believe that Judge Jones's dissent in *Brady* persuasively demonstrates that the legislative history indicates that if actions were part of one continuous crime spree, they should be treated as one predicate offense. *Id.* at 677. Furthermore, as Judge Jones wrote, "Congress' comments plainly presuppose that the Act is intended to apply to only incorrigible, habitual criminals or, as the Second Circuit in *Towne* stated, to 'recidivists . . . who have engaged in violent criminal activity on at least three separate occasions, and not individuals who happen to acquire three convictions as a result of a single criminal episode.'" *Id.* at 672 (quoting *United States v. Towne*, 870 F.2d 880, 891 (2d Cir. 1989)). While I continue to be persuaded by Judge Jones's dissent, I am bound to apply this Circuit's precedent that forecloses Powers's argument.

*Shepard*, 125 S. Ct. at 1264 (Thomas, J., concurring in part and concurring in judgment) (internal citations and quotation marks omitted).

Powers concedes that, after *Apprendi*, but prior to *Blakely*, *Booker*, and *Shepard*, this Court held in *United States v. Gatewood*, 230 F.3d 186 (6th Cir. 2000) (en banc), that notwithstanding *Apprendi*, the *Almendarez-Torres* prior conviction exception was still good law. *Id.* at 192. In addition to his general argument that *Almendarez-Torres* needs to be "revisited," Powers's more specific argument is that the "on occasions different from one another" language of the Armed Career Criminal Act requires findings to be made in addition to the mere fact of a prior conviction and therefore falls within the *Apprendi* line of cases, and beyond the limited reach of the *Almendarez-Torres* exception. Unfortunately for Powers, yet again, this Court has already specifically decided that issue and held that "the determinations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of § 924(e) sufficiently comes within the exception in *Apprendi* for a prior conviction." *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004); *see also United States v. Santiago*, 268 F.3d 151, 156 (2d Cir. 2001) ("the separateness of the convictions is not a fact which is different in kind from the types of facts already left to the sentencing judge by *Almendarez-Torres* and *Apprendi*"); *United States v. Morris*, 293 F.3d 1010 (7th Cir. 2002); *United States v. Campbell*, 270 F.3d 702 (8th Cir. 2001). *Burgin* was decided prior to *Booker* and *Shepard*, but while both *Booker* and *Shepard* might foreshadow the demise of *Almendarez-Torres*, and consequently *Burgin*, "*Almendarez-Torres* remains the law." *Gatewood*, 230 F.3d at 192; *see also United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker*

suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury."). Powers's sentence is therefore AFFIRMED.