NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0730n.06
Filed: August 19, 2005

Case No. 04-5903

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JASON PASEUR, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE:  BATCHELDER and COLE, Circuit Judges; OBERDORFER[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.**  Defendant-Appellant Jason Paseur appeals his conviction and sentence following his guilty plea to unlawfully possessing equipment, chemicals, and materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6).  He argues that the district court imposed a sentence in violation of his Sixth Amendment rights, erroneously held that he did not qualify for the U.S.S.G. § 5C1.2(a) "safety valve," and incorrectly calculated his criminal history score.  For the reasons that follow, we will AFFIRM the decision of the district court.

**I.**

_____

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

On September 12, 2003, Memphis Police Department officers stopped Paseur's vehicle for a traffic violation as he was leaving a storage facility in Memphis, Tennessee. A subsequent search of Paseur's person and vehicle yielded a loaded pistol, a quantity of methamphetamine and several blister packs of pseudophedrine tablets. Paseur admitted that he rented a storage unit at the storage facility and consented to a search of the unit, in which officers found various chemicals and instruments used to make methamphetamine. During an interview with police officers, Paseur signed a statement admitting that he manufactured methamphetamine. On March 29, 2004, Paseur entered into a plea agreement in which he pled guilty to violating 21 U.S.C. § 843(a)(6) and accepted responsibility for 200-350 grams of methamphetamine.

Paseur's presentence report ("PSR") recommended a two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). Adding one criminal history point pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(f) for an October 2002 Mississippi state conviction for possession of burglary tools and two criminal history points in accordance with U.S.S.G. §§ 4A1.1(d) and 4A1.2 for committing the instant offense while under the order of "diversion" from the Mississippi conviction, the PSR calculated Paseur's Criminal History Category as II. Paseur filed objections to the PSR in which he argued that his Mississippi conviction should not influence his Criminal History Score because the Mississippi court had never formally entered a finding of guilt and that the U.S.S.G. § 2D1.1(b)(1) enhancement violated his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004) because a jury had not found that Paseur's gun had any connection to his drug activity.

During the sentencing hearing, Paseur renewed his objections to the calculation of his Criminal History Score and the U.S.S.G. § 2D1.1(b)(1) enhancement. After the district court ruled

that the U.S.S.G. § 2D1.1(b)(1) enhancement was appropriate, Paseur moved the court to grant him the benefit of the "safety valve" found in U.S.S.G. § 5C1.2. The district court declined to apply the "safety valve" because Paseur could not prove that the gun he possessed was unrelated to his drug offense and overruled Paseur's objection to the calculation of his criminal history score. The court did, however, grant Paseur a three-point reduction for acceptance of responsibility and calculated Paseur's total offense level as 27. With a Criminal History Category of II, Paseur's applicable Guideline range was from 78-97 months. The court sentenced Paseur to 78 months' imprisonment, a three-year term of supervised release, and a special assessment. Pursuant to our admonition in *United States v. Koch*, 383 F.3d 486 (6th Cir. 2004) (en banc), the district court announced that it would have imposed the same sentence even if the Guidelines were declared unconstitutional. Paseur's timely appeal followed.

## II.

Paseur argues that the U.S.S.G. § 2D1.1(b)(1) enhancement he received for possession of a weapon violates his Sixth Amendment rights under *Blakely v. Washington,* 542 U.S. 296 (2004). "A court's factual findings in relation to the application of Sentencing Guidelines are subject to a deferential 'clearly erroneous' standard of review. Legal conclusions regarding the Guidelines, however, are reviewed de novo." *United States v. Saikaly*, 207 F.3d 363, 367 (6th Cir. 2000) (quotation omitted). Because Paseur properly preserved his *Booker* claim by challenging the enhancement under *Blakely*, we review it for harmless error under FED. R. CRIM. P. 52(a). *See United States v. Hazlewood*, 398 F.3d 792, 801 (6th Cir. 2005); *see also United States v. Labastida-Segura*, 396 F.3d 1140, 1142 (10th Cir. 2005).

3

Under *United States v. Booker*, 125 S. Ct. 738, 756 (2005), which now governs Paseur's claim, we must review Guidelines' sentences imposed prior to *Booker* for both constitutional error and non-constitutional error. A constitutional error occurs when the district court makes a finding of fact (other than a finding of a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict. *See e.g. United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005). A district court commits a non-constitutional error when it treats the Guidelines as binding. *See e.g. United States v. Barnett*, 398 F.3d 516, 525-30 (6th Cir. 2005).

Paseur argues that the district court violated his Sixth Amendment rights by enhancing his sentence pursuant to U.S.S.G. § 2D1.1(b)(1), which says "[i]f a dangerous weapon (including a firearm) was possessed, increase by **2** levels." We have held that "[f]or the two-level § 2D1.1(b)(1) enhancement to apply, the government must establish that 1) the defendant actually or constructively possessed the weapon, and 2) such possession was during the commission of the offense." *United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002) (quoting *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991)). Paseur argues that the district court's application of U.S.S.G. § 2D1.1(b)(1) violated his Sixth Amendment rights because the district court found, as a matter of fact, that his gun was connected to the drug offense. Where, as here, the district court imposes alternative, identical sentences, one under a regime in which the Guidelines are not mandatory, any *Booker* error committed by the district court is harmless and remand is not required. *United States v. Christopher*, __ F.3d __, 2005 WL 1796193 at *3 (6th Cir. 2005).

We are left with *Booker's* requirement that we review Paseur's sentence for "reasonableness." 125 S. Ct. at 766. Our review for "reasonableness" is not confined to the length

4

of the sentence imposed. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). In reaching a sentencing decision, we should also consider the factors that the district court evaluated and the procedures that it employed in reaching its sentencing determination. *Id*. In this case the district court correctly applied the Guidelines and sentenced Paseur to 78 months, the low end of the applicable range. The district court also considered various facets of Paseur's personal history, including his chemical dependence and efforts to rehabilitate himself. In view of the fact that Paseur pled guilty to violating 21 U.S.C. § 843(a)(6), a crime that is punishable by up to 10 years in prison, we think that Paseur's sentence was reasonable under the circumstances of this case.

### III.

Pasuer also argues that the district court erred in finding that he did not qualify for the "safety valve" under U.S.S.G. § 5C1.2(a). We review for clear error a district court's refusal to apply § 5C1.2(a) because it is a factual finding. *See United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

Section 5C1.2(a)'s "safety valve" only applies when the defendant has been *convicted* of one of the statutes enumerated in the Guideline. *United States v. Stewart*, 306 F.3d 295, 327 n.19 (6th Cir. 2002). The statutes enumerated in § 5C1.2(a) are 21 U.S.C. § 841, § 844, § 846, § 960, or § 963. Because Paseur pled guilty to, and was convicted of, violating 21 U.S.C. § 843(a)(6), a crime that is not enumerated in § 5C1.2, he may not avail himself of the "safety valve." In any event, Paseur, who – as we shall explain in greater detail below – has three criminal history points, does not qualify for the "safety valve," which does not apply to defendants who have more than one criminal history point. U.S.S.G. § 5C1.2(a)(1). The district court's refusal to apply the "safety valve" was not clearly erroneous.

5

## IV.

Paseur challenges the district court's calculation of his criminal history category. We review de novo a district court's criminal history calculation. *See United States v. Wheeler*, 330 F.3d 407, 411 (6th Cir. 2003). The district court assigned Paseur a total of three criminal history points. He received one point pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(f) for a "Possession of Burglary Tools" conviction in a Desoto County, Mississippi court. The PSR reveals that Paseur pled guilty to possession of burglary tools, and the state court entered an order of non-adjudication for two years on this conviction; and "the Desoto County District Attorney's Office indicates that they plan on seeking a formal adjudication of guilt." Paseur received two additional criminal history points pursuant to U.S.S.G. § 4A1.1(d) because he was on a diversionary program, arising out of his Mississippi conviction for possession of burglary tools, when he committed the instant offense.

Paseur first argues that the district court violated his Sixth Amendment rights under *Blakely* by imposing one criminal history point pursuant to U.S.S.G. § 4A1.2(f). This provision says "[d]iversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered . . . ." Application Note 9 adds "[s]ection 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilty or an admission of guilt *in open court*." (Emphasis added). Fixating on the last three words of this application note, Paseur argues that "[w]hether or not the entry of the plea in this case qualifies under § 4A1.2(f) requires a factual finding that the defendant entered the plea in open court, this fact must be proven by the prosecution beyond a reasonable doubt." This argument is not persuasive. The fact of a prior

6

conviction is not a fact that must be admitted or proved to a jury. *Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *Almendez-Torres v. United States,* 523 U.S. 224 (1998); *see also Bradley*, 400 F.3d at 462-63; *United States v. Powers*, No. 04-5681, 2005 WL 977136 (6th Cir. Apr. 28, 2005) (noting that this is still true despite Justice Thomas's concurrence in *Shepard v. United States*, 125 S. Ct. 1254, 1263-64 (2005) suggesting that it will not be true for much longer). This holding necessarily extends to the factfinding underlying the prior conviction. As such, it extends to any factfinding necessary to determine that a guilty plea was made "in open court."

Paseur next argues that the additions both of one and two criminal history points based on his diversionary sentence were improper because "no finding of guilt in state court had occurred at the time of sentencing." We conclude that Paseur's one point enhancement pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(f) was proper even though the Mississippi court has yet to formally enter a conviction. As noted above, U.S.S.G. § 4A1.2(f) says "[d]iversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) *even if a conviction is not formally entered . . . .*" (Emphasis added). Applying this provision, *United States v. Cruz-Santana* held that a prior state court forgery charge, to which the defendant entered a plea of nolo contendere, counted as a prior sentence even though the state court entered an order "withholding adjudication." No. 97-5426, 1998 WL 639170 (6th Cir. Sept. 10, 1998) (citing cases from the 11th and 5th Circuits). The district court's one-point

7

addition was appropriate because Paseur pled guilty to possession of burglary tools; whether a conviction was formally entered is inconsequential.

Nor did the court err by adding two criminal history points pursuant to U.S.S.G. § 4A1.1(d), which applies if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." A "criminal justice sentence" for the purposes of § 4A1.1(d) includes a "diversionary disposition." *United States v. Gorman*, 312 F.3d 1159, 1164 (10th Cir. 2002); *see also United States v. Craft*, Nos. 95-5508, 95-5545, 1996 WL 185783 at * 2 (6th Cir. Apr. 17, 1996). The Mississippi court sentenced Paseur for possession of burglary tools on October 18, 2002 and issued a two-year order of non-adjudication. Accordingly, Paseur was in a diversionary program when he committed the instant offense in 2003. Because Paseur was under a criminal justice sentence when he committed the instant drug offense, the addition of criminal history points under U.S.S.G.§ 4A1.1(d) was appropriate.

## V.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

8