**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0478n.06
Filed: July 10, 2006

No. 04-6472

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| ALFRED WYATT, JR., | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |
| _____ ) | | |

Before: SUTTON and McKEAGUE, Circuit Judges, and CALDWELL,[*] District Judge.

**KAREN K. CALDWELL, District Judge.** Defendant-Appellant Alfred Wyatt, Jr. appeals the district court's judgment sentencing him to 180 months of imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after Wyatt pleaded guilty to two counts of being a felon in possession of a firearm. On appeal, Wyatt challenges the sentence on the grounds that, in finding that his three prior convictions were violent felonies committed on occasions different from one another as required to trigger sentencing under the ACCA, the district court violated his Sixth Amendment rights to a trial by jury as delineated in *United States v. Booker* 543 U.S. 220, 245 (2005). For the following reasons, we affirm Wyatt's sentence.

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

# I.

Wyatt pleaded guilty to two counts of violating 18 U.S.C. § 922(g). Under that statute, Wyatt was subject to a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). Under the ACCA, however, a defendant like Wyatt who has been convicted under 18 U.S.C. § 922(g) is subject to a minimum 15-year prison sentence where the defendant has "three previous convictions. . . for a violent felony . . . committed on occasions different from one another. . . ." 18 U.S.C. § 924(e)(1). The ACCA specifically provides that "burglary" is a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii).

In the Presentence Investigation Report (PSR), the probation officer determined that Wyatt had three previous convictions for third degree burglary. The PSR stated that, on May 6, 1980 Wyatt pleaded guilty to three counts of third degree burglary in an Alabama state court. With regard to the three burglary counts, the PSR states that, on February 24, 1980, Wyatt broke into a local school; that, on March 27, 1980, Wyatt burglarized a residence; and that, on March 29, 1980, Wyatt burglarized another residence.

Based on these prior burglary convictions, the probation officer determined that Wyatt was subject to a 15-year minimum mandatory statutory penalty under the ACCA. Wyatt objected to the determination on the grounds that the district court's imposition of the statutory penalty would violate *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court held that a court violates a defendant's Sixth Amendment rights when it imposes a sentence that is not based solely on "facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. After Wyatt's sentencing, the Supreme Court issued its opinion in *Booker,* which extended *Blakely's* Sixth Amendment holding to the federal sentencing guidelines.

At the sentencing hearing, the district court overruled Wyatt's *Blakely*-based objections to the PSR and sentenced Wyatt to a prison term of 180 months. On appeal, Wyatt argues that the district court violated *Booker* when it made the finding that his three prior burglary convictions were committed "on occasions different from one another," thereby triggering sentencing under the ACCA.

**II.**

In *Booker*, the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. This "prior conviction exception" was first put forth by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), where the Court determined that recidivism used to enhance a defendant's maximum penalty is not an element of a crime that must be charged in an indictment and found beyond a reasonable doubt. *Id*. at 239, 243-47 (1998).

Pursuant to the prior conviction exception, a district court can find the fact of an ACCA predicate offense under a preponderance-of-the-evidence standard. *See, e.g., United States v. Adams*, 265 F.3d 420, 425 (6th Cir. 2001). This court has recently confirmed that "a district court does not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence under the Armed Career Criminal Act." *Id*. (citing *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005)).

The prior conviction exception, however, addresses only how a district court may find the "fact of a prior conviction." In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court

3

addressed how the district court may determine the defendant's conduct underlying a state court burglary conviction in order to make the legal determination as to whether the conduct meets the definition of "burglary" under the ACCA. The Court determined that, when Congress provided that burglary is a violent felony for purposes of the ACCA, it meant burglary in the "generic sense" in which the term was defined by the criminal codes of most states. *Id*. at 598. The Court concluded that a person has been convicted of a "burglary" for purposes of the ACCA if he is convicted of any crime "having the basic elements of unlawful or privileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599.

Also at issue in *Taylor* was the kinds of sources a district court may consult in determining whether a defendant's prior burglary conviction qualifies as generic burglary where the defendant was convicted under a state statute defining burglary more broadly than "generic" burglary to include, for example, breaking and entering into a car or a boat. *Id*. at 599. The Court endorsed a "categorical approach" to identifying ACCA predicate offenses, under which the district court could look to the statutory definition of the prior offense or the indictment or information and jury instructions to determine if the jury was actually required to find all the elements of generic burglary in order to convict the defendant. *Taylor*, 495 U.S. at 600, 602.

In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court confirmed that *Taylor's* categorical approach also applies to the identification of generic convictions following guilty pleas. *Id.* at 19. The Court held that, "to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense," the court is limited to the indictment or information, the terms of a plea agreement or transcript of the plea colloquy between judge and defendant "in which the factual basis for the plea was confirmed by the defendant, or to

4

some comparable judicial record of information." *Id*. at 1263.

Wyatt argues the sole document in the record from which the district court could have concluded that the burglaries occurred on different occasions was the PSR and the district court was not permitted under *Shepard* and *Taylor* to make factual findings based on the PSR. Wyatt did not raise this argument before the district court and, accordingly, we review the issue for plain error. *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005). While *Shepard* was not decided until after Wyatt's sentencing, the categorical approach set forth in *Taylor* in 1990 was well-established law at the time of Wyatt's sentencing and the Sixth Circuit had long been applying the categorical approach in cases where a prior conviction followed a guilty plea. *See, e.g., United States v. Kaplansky*, 42 F.3d 320, 322 (6th Cir. 1994)(en banc).

The issue of whether a district court may determine by a preponderance of the evidence whether a defendant's prior convictions were "committed on occasions different from one another" was already addressed by this court in *United States v. Burgin*, 388 F.3d 177 (6th Cir. 2004), *cert. denied*, 544 U.S. 936 (2005). In *Burgin*, the court held that "the determinations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of [the ACCA] sufficiently comes within the exception in *Apprendi* for a prior conviction." *Id*. at 186.

Wyatt points out that *Burgin* was decided before *Shepard* and *Booker*. Nevertheless, *Shepard* did not alter the state of the law established by *Taylor*. It simply clarified that the categorical approach applies where a prior conviction follows a guilty plea and detailed how it should be applied in such cases. Likewise, *Booker* did not alter the law with regard to the prior conviction exception but explicitly reaffirmed it. *Booker*, 533 U.S. at 244.

5

In a case decided after *Shepard* and *Booker*, this Court relied on *Burgin* and again rejected a defendant's argument that the "on occasions different from one another" language of the ACCA "requires findings to be made in addition to the mere fact of a prior conviction and therefore falls within the *Apprendi* line of cases, and beyond the limited reach of the *Almendarez-Torres* exception." *United States v. Powers*, 129 Fed. Appx. 942, 946 (6th Cir. 2005)(unpublished opinion), *cert. denied*, 126 S.Ct. 549 (2005). Thus, the district court was permitted to find by a preponderance of the evidence that Wyatt's three prior burglary convictions were committed on occasions different from one another.

Furthermore, even assuming that the district court erred in relying on the PSR to determine whether Wyatt's three prior burglary convictions were committed on occasions different from one another, on plain error review, we cannot reverse the district court unless the error affected the defendant's substantial rights. *United States v. Sassenelli*, 118 F.3d 495, 499 (6th Cir. 1997). "An error affects substantial rights when the error was prejudicial, that is, when it 'affected the outcome of the district court proceedings.'" *United States v. Page*, 232 F.3d 536, 544 (6th Cir. 2000)(quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). On Wyatt's motion, we have supplemented the record on appeal with his three state court indictments for burglary. Each indictment names a separate building that was burglarized – one belonging to Carolyn Shealy, one belonging to Vicki Porter and one constituting the Disque Middle School – and separate goods that were taken. We have held that the fact that robberies were of separate buildings, even if they occurred on the same day or even consecutively, is sufficient to demonstrate they occurred "on occasions different from one another." *See United States v. Hill*, 440 F.3d 292, 298 (6th Cir. 2000)("Finally, separate offenses are committed if the offenses are committed in different residences or business locations."); *United*

6

*States v. Thomas*, 211 F.3d 316, 320 (6th Cir. 2000)(nothing that "three burglaries committed 'successfully' at different stores within the same shopping mall during the same evening were separate criminal episodes"); *United States v. Maness*, 23 F.3d 1006, 1010 (6th Cir. 1994)("offenses committed by a defendant at different times and places and against different victims. . . should be counted as separate predicate convictions under [the ACCA].").  Thus, even if the district court had relied upon the state court indictments in determining whether the burglaries occurred "on occasions different from one another," the outcome would have been the same. We do not find persuasive Wyatt's argument based on *United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997), because in that case the two burglaries, which this court determined were one for the purposes of the ACCA, occurred in the same building at the same time.

In his reply brief on appeal, Wyatt argues that the district court erred in failing to employ the categorical approach of *Shepard* and *Taylor* to determine whether his three prior state court burglary convictions were generic burglaries.  Wyatt did not raise this argument in his opening brief and this court will not consider issues raised for the first time on appeal in a party's reply brief. *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 478 (6th Cir. 2004); *VanDiver v. Martin*, 48 Fed. Appx. 517, 519 (6th Cir. 2002)(unpublished decision)(citing *United States v. Perkins*, 994 F.2d 1184, 1191) (6th Cir. 1993)).

The court will not address Wyatt's arguments that the district court erred in calculating the applicable federal sentencing guidelines. The district court sentenced Wyatt to the mandatory minimum sentence under the ACCA and the federal sentencing guidelines played no role in his sentencing.

After filing his Notice of Appeal, Wyatt moved this court to remand this matter to the district

court for resentencing in light of the Supreme Court's decisions in *Booker* and *Shepard*. Because we have determined that the district court did not violate *Booker* or *Shepard* in sentencing Wyatt under the ACCA, we deny Wyatt's motion to remand the matter to the district court.

## V. CONCLUSION

For these reasons, we **AFFIRM** the district court's sentence in this case.