NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0646n.06

No. 07-3412

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 18, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,      )
                               )
    **Plaintiff-Appellee,**      )
                               )
                               )   **ON APPEAL** FROM THE
v.                             )   UNITED STATES DISTRICT
                               )   COURT FOR THE SOUTHERN
CLARENCE BELL,                 )   DISTRICT OF OHIO
                               )
    **Defendant-Appellant.**      )

BEFORE: NORRIS and COLE, Circuit Judges; ADAMS, District Judge.[*]

    **JOHN R. ADAMS, District Judge.** Defendant Clarence Bell appeals from his sentence of 100 months incarceration. We **AFFIRM**.

    On April 6, 2006, a grand jury indicted Bell in an indictment that included nine defendants and twenty-one total counts. In the indictment, Bell was charged with one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine and one count of possession with intent to distribute more than 500 grams of cocaine. On November 30, 2006, Bell pleaded guilty to both counts. On March 28, 2007 the district court sentenced Bell to 100 months incarceration, after calculating an advisory guideline range of 97-121 months. Bell timely appealed and now challenges his sentence.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Firearm Enhancement

In his first assignment of error, Bell contends that the district court erred when it enhanced his sentence upon a finding that a firearm was possessed in connection with the drug offenses. This Court finds no merit in Bell's argument.

U.S.S.G. § 2D1.1(b) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of certain drug offenses. The § 2D1.1(b)(1) enhancement is proper only if the government establishes, by a preponderance of the evidence, that (1) the defendant possessed a dangerous weapon (2) during the commission of a drug-trafficking offense. *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996). Application note 3 to § 2D1.1 provides in relevant part that the "enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." When this Court reviews a district court's underlying factual findings related to this firearm enhancement, it should not disturb those findings absent a finding of clear error. *United States v. Elder*, 90 F.3d 1110, 1133 (6th Cir. 1996).

Bell concedes that the district court properly concluded that he was in possession of the firearms found during the search of the residence. Bell, however, argues that the Government failed to prove a "temporal and spatial relation" existed between the firearms and the drug activity. Bell then argues in the alternative that the district court erred when it concluded that he had not demonstrated that it was clearly improbable that the firearm was connected to the drug activity. This Court rejects both arguments.

This Circuit has previously rejected the initial argument raised by Bell that requires the Government to prove a temporal and spatial relationship between the firearm and drug activity. *See United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991) (overruled on other grounds by *United States v. Jackson-Randolph*, 282 F.3d 369 (6th Cir. 2002)). However, even assuming that such a relationship is required, we find no error because the district court had ample evidence before it to make such a factual finding. There is no dispute that the firearms were found in a residence heavily connected to the drug activity. The firearms were found in an upstairs bedroom, while a basement safe was found to contain three kilograms of cocaine, a scale, and $18,000 cash. The basement also contained a marijuana grow system, another scale, and packing materials. The district court, therefore, had substantial evidence before it that the two firearms were found in a residence that was the situs for drug activity. A prior panel of this Court was faced with similar facts and noted as follows:

> In the present action, the district court could have reasonably found that the Greenlawn residence was the situs of the drug activity, and that a semi-automatic pistol found at the situs of the drug activity (that was allegedly for protection of the situs of the drug activity) was in fact part of the drug activity.

*United States v. Johnson*, 238 F.3d 425 (6th Cir. Dec. 15, 2000) (table decision). This panel agrees with the logic espoused in *Johnson* and finds no clear error in the trial court's determination that the firearm was properly linked to the drug activity

We likewise conclude that the district court was not clearly erroneous in its determination that Bell had failed to demonstrate that it was "clearly improbable" that the firearms were connected to the drug activity. The sole "evidence" offered by Bell in an attempt to meet his burden was

counsel's argument that the firearms were possessed to protect the home because it had been previously burglarized. No evidence of any kind was offered in support of this assertion. Furthermore, given that the guns were found in a home with a substantial quantity of cocaine and $18,000 cash, this Court cannot conclude that the district court erred in finding that Bell had not met his burden of demonstrating that it was clearly improbable that the firearms were related to the drug activity. We find no merit in Bell's challenge to the firearm enhancement.

2. Use of Prior Conviction

In his second assignment of error, Bell attacks the continuing validity of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). There is no merit in Bell's argument.

Bell admits, as he must, that under *Almendarez-Torres*, the district court may use a prior conviction to enhance a sentence without violating a defendant's Fifth and Sixth Amendment rights to indictment, trial by jury, and proof beyond a reasonable doubt. *Id.* at 239-47. In his brief, however, Bell relies upon Justice Clarence Thomas's concurring opinion in *Shepard v. United States*, 544 U.S. 13 (2005), in which Justice Thomas noted that a majority of justices of the Supreme Court are of the opinion that *Almendarez-Torres* was incorrectly decided. *Id.* at 27-28 (Thomas, J., concurring). While this Court has commented upon the continuing viability of *Almendarez-Torres* following *Shepard* in *United States v. Powers*, 129 Fed. Appx. 942, 946 (6th Cir. 2005), the Supreme Court has mandated that if "precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Tenet v. Doe*, 544 U.S. 1, 10-11 (2005) (quoting R*odriguez de Quijas v. Shearson/Am. Express, Inc.*, 490

U.S. 477, 484 (1989)). Accordingly, we decline to find that *Almendarez-Torres* is no longer good law. *Powers*, 129 Fed. Appx. at 546 ("*Almendarez-Torres* remains the law." (citation omitted)). Bell's second challenge, therefore, lacks merit.

The judgment is **AFFIRMED**.