PEOPLE v KREIGH

Docket No. 95553. Submitted November 13, 1987, at Detroit. Decided January 19, 1988.

Leslie H. Kreigh, while on probation following a conviction for breaking and entering an occupied dwelling with intent to commit a larceny, was allegedly involved in an armed robbery. He pled nolo contendere to a charge of probation violation in Muskegon Circuit Court. As a result of his plea, his probation was revoked and he was sentenced to ten to fifteen years in prison, Ronald H. Pannucci, J. Defendant appealed, arguing that the trial court erred in refusing his request to withdraw his plea of nolo contendere after the court informed him that, for purposes of probation revocation, the nolo contendere plea would be treated as a guilty plea.

The Court of Appeals *held:*

The court rules do not preclude nolo contendere pleas in probation revocation proceedings, and defendant has suffered no prejudice as a result of his nolo contendere plea.

Affirmed.

CRIMINAL LAW — PROBATION REVOCATION — NOLO CONTENDERE PLEAS — COURT RULES.

The Michigan Court Rules do not preclude a plea of nolo contendere in probation revocation proceedings, and a court's treatment of a nolo contendere plea as a guilty plea for purposes of a probation revocation proceeding is not error (MCR 6.111[E]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz III,*

REFERENCES

Am Jur 2d, Criminal Law §§ 492-499.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

Withdrawal of plea of guilty or Nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

Withdrawal of plea of guilty or Nolo contendere, before sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.

Prosecuting Attorney, and *Judith K. Simonson,*
Assistant Prosecuting Attorney, for the people.

*Douglas M. Hughes,* for defendant on appeal.

Before: Hood, P.J., and R. M. Maher and J. B.
Sullivan, JJ.

J. B. Sullivan, J. Defendant pled guilty to
breaking and entering an occupied dwelling with
the intent to commit a larceny, MCL 750.110;
MSA 28.305. He was sentenced to two years proba-
tion with the first year to be spent in the county
jail. Depending upon good behavior, the court
would consider an early release after defendant
had served only six months. On or about April 18,
1986, defendant was involved in an armed robbery
and thereafter tendered a plea of nolo contendere
to probation violation. As a result of his plea,
probation was revoked and defendant was sen-
tenced to ten to fifteen years in prison. Defendant
appeals as of right. We affirm.

At the plea proceeding, defendant requested that
he be allowed to offer a plea of nolo contendere
rather than a guilty plea because charges on the
underlying offenses were pending and defendant
did not wish to make any statements which could
subsequently be used against him at trial.[1]

---

[1] For public policy reasons, this Court has adopted the following
holding of the California Supreme Court:

"We accordingly declare as a judicial rule of evidence that
henceforth upon timely objection the testimony of a proba-
tioner at a probation revocation hearing held prior to the
disposition of criminal charges arising out of the alleged viola-
tion of the conditions of his probation, and any evidence de-
rived from such testimony, is inadmissible against the proba-
tioner during subsequent proceedings on the related criminal
charges, save for purposes of impeachment or rebuttal where
the probationer's revocation hearing testimony or evidence
derived therefrom and his testimony on direct examination at

Prior to accepting the plea, the court informed defendant that for purposes of the probation revocation proceeding it would treat a nolo contendere plea as a guilty plea. With defense counsel present and defendant's express approval, the court went through the regular litany necessary before accepting a guilty plea.

Thereafter, defendant filed a motion to withdraw his plea, arguing that the applicable court rule, MCR 6.111(E), did not authorize a plea of no contest for a probation revocation. The court concluded that the plea was proper and appropriate and therefore denied defendant's motion.

On appeal, defendant claims that he should be allowed to withdraw his plea and, in support thereof, posits the same arguments as he presented below.

Although we recognize that such a plea in this instance is somewhat unusual, we do not find that it warrants reversal. Although MCR 6.111 provides that a probationer may plead guilty at arraignment, we do not interpret the rule as precluding a nolo contendere plea. A plea of nolo contendere literally means, "I do not wish to contend," and indicates that a defendant does not wish to contest his factual guilt. It is an admission of all the essential elements of the charged offense. *People v New,* 427 Mich 482, 493, n 10; 398 NW2d 358 (1986).

The scope of a probation violation hearing is limited; the procedure is summary and informal.

the criminal proceedings are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing." [*People v Rocha,* 86 Mich App 497, 512-513; 272 NW2d 699 (1978), lv den 406 Mich 944 (1979), quoting *People v Coleman,* 13 Cal 3d 867, 889; 120 Cal Rptr 384; 533 P2d 1024 (1975).]

*People v Rial,* 399 Mich 431, 436; 249 NW2d 114 (1976). It is designed to lead " 'to a final evaluation of any *contested* relevant facts and consideration of whether the facts as determined warrant revocation.' " (Emphasis in original.) *Id.,* citing *Morrissey v Brewer,* 408 US 471, 488; 92 S Ct 2593; 33 L Ed 2d 484 (1972).

Given the limited nature of these proceedings, we cannot find any prejudice whatsoever to defendant as a result of the nolo contendere plea. Indeed, any benefit inured to defendant. Moreover, we are particularly offended by defendant's request on appeal to vacate his conviction inasmuch as he requested to plead nolo contendere instead of making the traditional guilty plea for reasons advantageous to himself. Under circumstances such as these, we are not willing to allow a defendant a second chance simply because he is, in all probability, dissatisfied with his sentence. Accordingly, we affirm.