*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0170p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
　　　　　　　　　　*Plaintiff-Appellee,*

*v.*

　　　　　　　　　　　　　　No. 10-2623

DAVID E. FERGUSON,
　　　　　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:08-cr-20535-1—Marianne O. Battani, District Judge.

Argued: April 19, 2012

Decided and Filed:  June 5, 2012

Before:  MOORE, GIBBONS, and ALARCÓN, Circuit Judges[*]

_____

**COUNSEL**

_____

**ARGUED:** Bradley R. Hall, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for
Appellant.  Andrew Goetz, ASSISTANT UNITED STATES ATTORNEY, Detroit,
Michigan, for Appellee. **ON BRIEF:** Bradley R. Hall, Jonathan M. Epstein, FEDERAL
DEFENDER OFFICE, Detroit, Michigan, for Appellant.  Andrew Goetz, ASSISTANT
UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

ALARCÓN, Circuit Judge.  David Ferguson was found guilty in a bench trial of
knowingly possessing 14 images of child pornography and sentenced to ten years
imprisonment, the mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2).

_____

[*]The Honorable Arthur L. Alarcón, Senior Circuit Judge for the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

Ferguson timely appealed from both the conviction and the sentence. He argues that the district court (1) constructively amended the indictment by finding him guilty based on conduct that was not the subject of the indictment, and (2) committed plain error by basing his sentence enhancement on facts contained in the Presentence Investigation Report. We have jurisdiction under 18 U.S.C. § 1291, and we affirm his conviction and sentence.

I.

In 2007, Austrian authorities investigating an international child pornography ring alerted the FBI that a computer located in Dundee, Michigan, had been used to download two videos of child pornography from a particular website. The FBI determined that the computer was located in a home solely inhabited by Ferguson. After several unsuccessful attempts to establish contact with Ferguson, FBI agents went to his home on April 10, 2008. After the agents informed Ferguson that they were investigating a child pornography ring, he invited them into his home to conduct an interview. During the interview, the agents requested Ferguson's permission to take two hard drives and a laptop computer, which were in plain view, and have them searched for child pornography. Ferguson consented. Forensic examination of the laptop revealed that 2,300 images of child pornography had recently been deleted from the computer, but that 14 images still remained.

On October 14, 2008, a grand jury returned an indictment against Ferguson, charging him with one count of knowing possession of child pornography "[f]rom on or about October 1, 2007 through on or about April 10, 2008." On June 10, 2010, a grand jury returned a superseding indictment against Ferguson, charging him with one count of knowing possession of child pornography "on or about April 10, 2008." Other minor changes were also made, none of which are relevant to this appeal.

During a pre-trial hearing, the Government indicated that it would introduce only the 14 undeleted images as substantive evidence of guilt, but that it intended to introduce the 2,300 deleted images as evidence of intent, knowledge, and absence of mistake under Fed. R. Evid. 414 or, in the alternative, 404(b). Ferguson's counsel agreed to this,

stating his understanding that the fact of their deletion from the computer "[was] why the indictment was amended and superseded." In response, the Government conceded that "the actual offense alleged in the [superseding] indictment . . . is limited to particular images that he knowingly possessed on the date that he gave consent for the officers to take his computer," and that it "[could not] prove that [Ferguson] knowingly intended to possess the [deleted] images . . . on the date that he gave consent."

At trial, the Government's forensic examiner testified that all of the images, both deleted and undeleted, were downloaded onto the computer between late 2007 and early 2008. The "last accessed" date for each of the 2,300 deleted images ranged between March 28 and April 1, 2008. The 14 undeleted images were all "last accessed" on April 4, 2008 between 11:46 and 11:47 p.m. The expert further testified that the "last accessed" date did not necessarily reflect a date when the image was viewed, but the "last time some program had some interaction with that file that did not change it." Other possible explanations included an anti-virus scan or copying the image to an external drive. Moreover, while the deletion of the files 'froze' their last-accessed dates, the deletion itself could not cause a change in the last-accessed dates; therefore, it was not possible to pinpoint the exact date of deletion of any of the 2,300 images.

Ferguson's defense was that his possession of the 14 images on or about April 10, 2008, was not knowing. On direct examination, he admitted that he knowingly downloaded child pornography onto his computer, but claimed that around March 2008, he became "bother[ed]" by its existence on his computer and thus resolved to delete it all. When asked why the folder containing the 14 images of child pornography still remained, Ferguson testified that "[a]pparently it is a folder that I missed. My intention was to delete everything." Although he could not specify the exact date when he deleted the other 2,300 images, he conceded on cross-examination that it must have been after April 1, 2008. His counsel argued during closing statements that Ferguson could not have "knowingly" possessed the 14 images thereafter.

The Government argued in its closing statement that "even assuming [Ferguson] deleted those [2,300] files, whatever his motive, either concealment or a clean conscious

[sic], he still knowingly possessed those [14] images" before then, and that such possession "is sufficient for a finding of [']on or about [April 10, 2008,']" as charged in the superseding indictment.  In finding Ferguson guilty, the district court found that Ferguson's deletion of the 2,300 images "physically . . . had to occur after April 4, 2008," and that he therefore must have knowingly possessed the 14 undeleted images on that date.  The court also determined that "as defined in this Circuit, [April 4, 2010] is close enough in time" to April 10, 2008 to satisfy the "on or about" language in the superseding indictment.

The probation department prepared a Presentence Investigation Report ("PSR").  It provides that Ferguson had previously pleaded no contest to two counts of "Criminal Sexual Conduct, Fourth Degree - Coercion," but did not specify the statute that was violated.  The PSR cited a police report which described the conduct underlying the prior convictions as involving multiple sexual encounters with two minors.  The PSR concluded that Ferguson was subject to a ten-year minimum sentence under 18 U.S.C. § 2252A(b)(2) for having a prior conviction involving sexual abuse of a minor.  Ferguson objected to this conclusion, but on grounds not relevant to this appeal.  The district court sentenced Ferguson to the ten-year statutory minimum sentence.  Ferguson timely appealed the judgment of conviction and the sentence.

II.

On appeal, Ferguson argues that he was convicted of a charge different from the one for which he was indicted.  This Court reviews de novo whether there was a constructive amendment to the indictment.  *United States v. Hynes*, 467 F.3d 951, 961 (6th Cir. 2006).  Constructive amendments occur "'when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.'"  *United States v. Chilingirian*, 280 F.3d 704, 712 (6th Cir. 2002) (quoting *United States v. Barrow*, 118 F.3d 482, 488 (6th Cir. 1997)); *see also United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989) ("'An amendment of the indictment occurs

when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them.'" (emphasis omitted) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969))). "[C]onstructive amendments are deemed 'per se prejudicial' because they 'infringe[] upon the Fifth Amendment's grand jury guarantee.'" *Hynes*, 467 F.3d at 962 (quoting *Chilingirian*, 280 F.3d at 712). The burden of proving a constructive amendment is on the defendant. *Chilingirian*, 280 F.3d at 712.

Ferguson contends that his possession of the 14 images *after* his deletion of the 2,300 images was a separate and distinct act from his possession of the 14 images *before* this mass deletion, such that the First Superseding Indictment did not contemplate a conviction resting on this latter conduct. Ferguson argues that even the Government must have embraced this understanding of the indictment, otherwise there would have been no reason not to charge him with possession of the 2,300 deleted images as well. Ferguson contends that "[t]his is the background against which [he] developed a defense strategy. Knowing that his possession of the [14 images] was unintentional beyond the date that he deleted the other images, [he] elected to go to trial and defend himself." The prosecutor argued that Ferguson's knowing possession of the 14 images *before* the mass deletion was sufficient for conviction. The district court agreed with the Government and found Ferguson guilty based on this conduct. Ferguson argues that this amounted to a constructive amendment of the indictment.

To prevail on his claim, Ferguson must show that the grand jury indicted him only for knowingly possessing the 14 undeleted images after deleting the other 2,300 images on approximately April 4, 2008. We begin by "review[ing] the language of the indictment." *United States v. Kuehne*, 547 F.3d 667, 683 (6th Cir. 2008). The First Superseding Indictment made no distinction between his possession of the 14 images before and after the mass deletion. Nor does an allegation of the date of possession itself imply a distinction. "When 'on or about' language is used in an indictment, proof of the exact date of an offense is not required as long as a date reasonably near that named in the indictment is established." *Ford*, 872 F.2d at

1236 (citation omitted). Ferguson's possession of the 14 undeleted images before the mass deletion, which the district court found to have occurred on April 4, 2008, fell reasonably near April 10, 2008. *See, e.g.*, *United States v. Manning*, 142 F.3d 336, 339-40 (6th Cir. 1998) (proof of a meeting on August 4 was not a constructive amendment of the indictment, even though the indictment specified a conspiracy "on or about" September 6-12); *United States v. Hettinger*, 242 F. App'x 287, 295 (6th Cir. 2007) (proof that the defendant manufactured methamphetamine on August 8 was not a constructive amendment of the indictment, even though the indictment specified "on or about" August 22).

Moreover, we are not persuaded by Ferguson's contention that the Government's interpretation of the indictment is controlling. Giving any such deference would clearly infringe upon the grand jury's function. *See Russell v. United States*, 369 U.S. 749, 770 (1962) ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure."). Indeed, the interpretation of an indictment in other contexts is generally limited to its four corners. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes."); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss [an indictment] do not evaluate the evidence upon which the indictment is based."). For these reasons, Ferguson's constructive amendment argument fails.

III.

Ferguson also argues that it was plain error for the district court to impose the mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2)[1] based on conclusions in the PSR which were based in part on the police reports of the underlying incidents. Where, as here, no objection was made before the district court, our review of the imposition of a mandatory minimum sentence is limited to plain error. *United States v. Cox*, 565 F.3d 1013, 1016 (6th Cir. 2009). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). "A defendant bears the burden of proof on plain error review." *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

A.

Error is committed when there is "some sort of deviation from a legal rule." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation and internal quotation marks omitted). This Court uses the framework set forth in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005) to evaluate the imposition of a mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1), *United States v. Gardner*, 649 F.3d 437, 443 (6th Cir. 2011), and we now extend its application to the virtually identical provision in § 2252A(b)(2).

The *Taylor-Shepard* analysis is a two-step process. First, a sentencing court may look "only to the statutory definition[] of the prior offense[], and not to the particular facts underlying th[at] conviction[]," to determine whether a prior conviction qualifies for a federal sentencing enhancement. *Taylor*, 495 U.S. at 600. If the statutory

---

[1] 18 U.S.C. § 2252A(b)(2) provides, in relevant part:

> Whoever violates . . . subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

definition embraces both qualifying and non-qualifying crimes or is otherwise ambiguous, the court, second, may look to the "charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine whether the qualifying or non-qualifying aspect of the statute was violated. *Shepard*, 544 U.S. at 26. "[A] sentencing court [cannot] look to police reports or complaint applications" in making this second determination. *Id.* at 16.

The purpose behind taking this modified categorical approach is to "avoid[] subsequent evidentiary enquiries into the factual basis for the earlier conviction." *Id.* at 20. Such an inquiry would abridge "the Sixth and Fourteenth Amendments['] guarantee [of] a jury standing between a defendant and the power of the State, and the[ir] guarantee [of] a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence." *Id.* at 25.

This Court has held that "a PSR prepared for a federal district-court sentencing can never be a record of a convicting state court," *United States v. Wynn*, 579 F.3d 567, 577 (6th Cir. 2009), and thus it "may not properly be considered [to determine eligibility for a sentence enhancement]," *United States v. France*, 394 F. App'x 246, 248 (6th Cir. 2010). *See also United States v. Anglin*, 601 F.3d 523, 529 (6th Cir. 2010) ("[A]s this court has previously held, factual information contained in a PSR may not be considered in determining the nature of a defendant's prior conviction."). This Court has cautioned against relying on a PSR's description of the factual circumstances underlying a prior conviction in determining a defendant's eligibility for a sentence enhancement, likening it to descriptions "that one might expect to find in a police report or application for criminal complaint." *United States v. Bartee*, 529 F.3d 357, 361 (6th Cir. 2008); *see also Gardner*, 649 F.3d at 445 (applying the holdings in *Bartee* and *Wynn*); *United States v. Jones*, 453 F.3d 777, 780 (6th Cir. 2006) ("In applying *Shepard*, the Sixth Circuit has specifically noted that the pre-sentence report is not among the permissible sources of factual information." (citing *United States v. Sanders*, 404 F.3d 980, 989 (6th Cir. 2005)). Therefore, the district court erred in relying on the PSR and the police report in

determining whether Ferguson had a prior conviction "relating to . . . abusive sexual conduct involving a minor."  18 U.S.C. § 2252A(b)(2).

B.

The second prong of plain error review requires the defendant to show that "the legal error [is] clear or obvious, rather than subject to reasonable dispute."  *Puckett*, 556 U.S. at 135.  Where a legal error has been committed, it will be considered "plain" if it is contrary to clearly established law at the time of appeal. *Johnson v. United States*, 520 U.S. 461, 468 (1997); *United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005); *cf. United States v. Alexander*, 217 F. App'x 417, 422 (6th Cir. 2007) ("The conflicting precedents on the question at hand show that the error was not plain.").  The authority cited above, prohibiting sentence enhancements based on either a PSR or a police report's recitation of facts underlying a prior conviction, demonstrates the obviousness of the district court's error.

C.

The third prong of plain error review requires "the error [to] have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings."  *Puckett*, 556 U.S. at 135 (citation and internal quotation marks omitted).  In this appeal, the Government has requested that we take judicial notice of the felony information and plea agreement from Ferguson's prior sex offense.  It argues that these documents conclusively prove which statutory subsection Ferguson was convicted of violating, that under this subsection he is eligible for the sentence enhancement, and that therefore the district court's error did not affect his substantial rights.  Ferguson counters that the state court record as a whole does not prove beyond "reasonable dispute" which subsection his prior conviction was based on, as required by Fed. R. Evid. 201(b).  He presents several other documents, which he claims suggest that his prior conviction was actually under a different subsection.  Ferguson argues that this factual conflict precludes this Court from resolving the issue.  We disagree.  The felony information and plea agreement

demonstrate that Ferguson's substantial rights were not violated by the district court's error.

"A sentencing error affects a defendant's substantial rights when there is a reasonable probability that, but for the error, [the defendant] would have received a more favorable sentence." *United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010). This Court has previously held that erroneously using a PSR to determine the defendant's eligibility for a sentence enhancement does not affect his substantial rights if such a determination has independent support in sources approved by *Shepard*. *See Jones*, 453 F.3d at 780-81 (affirming a sentence enhancement where the district court erroneously relied on the PSR to determine whether the defendant was so eligible, because the complaint documents from the prior conviction nevertheless established his eligibility); *United States v. Wyatt*, 189 F. App'x 418, 422 (6th Cir. 2006) (defendant's substantial rights were not affected where the state court indictments, presented for the first time on appeal, demonstrated his eligibility for the sentence enhancement); *cf. United States v. Shelton*, 290 F. App'x 776, 778 (6th Cir. 2008) (affirming sentence enhancement imposed by the district court based on findings in the PSR on *de novo* review because *Shepard* documents in the record "independently support[ed]" defendant's eligibility for the enhancement). This independent support may be derived from judicially noticeable facts established by *Shepard* documents submitted for the first time on appeal. *Wyatt*, 189 F. App'x at 422; *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

1.

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This standard applies to appellate courts taking judicial notice of facts supported by documents not included in the record on appeal. *See* Fed. R. Evid. 201(f) advisory committee's note ("[J]udicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal."); *United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Black*, 482 F.3d

at 1041 ("Appellate courts generally will not consider facts outside the record developed before the district court, but may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citation and internal quotation marks omitted)). Judicial notice is only appropriate if "the matter [is] beyond reasonable controversy . . . . The rule proceeds upon the theory that . . . dispensing with traditional methods of proof [should only occur] in clear cases." Fed. R. Evid. 201(b) advisory committee's note; *see also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite.").

"Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact. Courts can properly notice prior judicial acts for the purpose of acting upon them." 21B Charles Alan Wright et al., *Federal Practice and Procedure* § 5106.4 (2d ed. 2005) (footnote omitted); *see, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989) ("[T]he appellant's motion contains copies of the guilty pleas that clearly show that the Coils pled guilty to arson . . . . We hold that these guilty pleas are 'not subject to reasonable dispute,' and that these records are properly subject to judicial notice pursuant to Fed. R. Evid. 201(b)(2)."). Moreover, "[j]udicial records may sometimes be properly noticed to show the acts of the parties or other actors in the litigation; e.g., that a complaint was filed, that return of service was made, or that stipulations were entered into." Wright, *supra*, § 5106.4.

We limit our analysis of judicial records to those approved by *Shepard*. The felony information and written plea agreement are indisputably *Shepard* documents. *Shepard*, 544 U.S. at 16. Moreover, we may consider the order of probation presented by Ferguson.**[2]** In Michigan state courts, "an order of probation is a tentative and amendable sentence and a final judgment of conviction," *Calhoun v. Macomb Cnty. Circuit Judge*, 166 N.W.2d 657, 658 (Mich. Ct. App. 1968), and "[a] judgment falls

---

**[2]**Ferguson admits that the remaining documents he presented may not be considered under *Shepard*; we therefore disregard them. *Shepard*, 544 U.S. at 16.

within *Shepard*'s exception for 'some comparable judicial record' to a plea colloquy or agreement," *United States v. Armstead*, 467 F.3d 943, 948 (6th Cir. 2006) (citation omitted).

These documents allow us to "accurately and readily determine" the following facts: (1) Ferguson was originally charged with five criminal counts, of which Counts IV and V were for Criminal Sexual Conduct, 4th Degree, Force or Coercion, in violation of Mich. Comp. Laws § 750.520e(1)(b); (2) Counts IV and V of the information were subsequently amended to charge Ferguson instead with "engag[ing] in sexual conduct with another person, to wit: [*redacted*], said victim being at least 13 but less than 16 years old, to wit: [14/15] years old and the defendant being at least 5 years older than the victim"; (3) Ferguson pleaded to "2 counts CSC 4th degree"; and (4) Ferguson was "charged/convicted of the crime of Count IV and V–Criminal Sexual Conduct, 4th Degree." Ferguson does not dispute these facts or present admissible evidence to the contrary. Accordingly, these facts are beyond "reasonable dispute" and are therefore facts that we may judicially notice under Fed. R. Evid. 201(b).

2.

We apply the two-step *Taylor-Shepard* analysis to determine whether these facts, when viewed together, demonstrate that Ferguson "has a prior conviction . . . relating to . . . abusive sexual conduct involving a minor," 18 U.S.C. § 2252A(b)(2), and is therefore eligible for the statutory minimum sentence prescribed therein.

The first step of the inquiry is unilluminating. Ferguson pleaded to and was convicted of "Criminal Sexual Conduct, 4th Degree." Michigan's fourth-degree criminal sexual conduct statute, Mich. Comp. Laws § 750.520e, is a divisible statute, and not every subsection requires that the victim be a minor. Because it is necessary that the victim be a minor in order to receive a sentence enhancement under 18 U.S.C. § 2252A(b)(2), the statutory definition alone cannot serve as the predicate for a sentence enhancement. *Armstead*, 467 F.3d at 947-48.

Under the second step of *Taylor-Shepard*, we look to the charging document to further narrow the crime to which he pleaded. *Shepard*, 544 U.S. at 16; *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010). The felony information, as amended, charged Ferguson with two counts of "engag[ing] in sexual conduct with another person, to wit: [*redacted*], said victim being at least 13 but less than 16 years old, to wit: [14/15] years old and the defendant being at least 5 years older than the victim," which substantially tracks the language of—and thus demonstrates charges under—section 750.520e(1)(a). *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" (citation omitted)). Because the victim must be a minor for a conviction under this subsection of the statute, Ferguson is therefore eligible for the minimum sentence under 18 U.S.C. § 2252A(b)(2).**[3]**

Ferguson challenges the use of the felony information to narrow the statute of conviction on three grounds, none of which are convincing. First, he argues that under *United States v. Gardner*, 649 F.3d 437 (6th Cir. 2011), the charging document can never be used to narrow a judgment of conviction where the statute of conviction can be violated in a way that does not qualify him for the sentence enhancement. However, *Gardner* merely prohibits reliance on the charging document's descriptions of the conduct underlying the conviction where the defendant pleaded to a lesser-included charge and the conduct was not "essential to the offense to which [the] defendant pleaded." *Id.* at 442. It does not prohibit us from narrowing the statute of conviction to the statutory subsection charged in the indictment where the defendant entered a plea to that charge. Ferguson entered a plea to the two counts of the amended indictment that charge him with violating Mich. Comp. Laws § 750.520e(1)(a), which requires that the

---

**[3]**Because Ferguson does not raise the issue, we assume, without deciding, that a conviction under section 750.520e(1)(a) constitutes "abusive" sexual conduct within the meaning of 18 U.S.C. § 2252A(b)(2).

victim be a minor. We may therefore narrow the statute of conviction to that statutory subsection.

Second, Ferguson relies on *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011) to argue that a plea of no-contest to the prior conviction prohibits a federal sentencing court from relying on the charging document to narrow the statute of the prior conviction. In *McMurray*, this Court held that where the defendant entered an "*Alford*-type guilty plea"[4] to the prior conviction, a prosecutor's statement of its factual basis could not be relied upon because it was not necessarily admitted by the defendant. *Id.* at 378-82. Nevertheless, this Court distinguished reliance on the factual basis of the plea provided by the prosecutor from reliance on the elements of the charge because "a defendant who enters an *Alford*-type guilty plea has 'necessarily' admitted to the elements of the charge." *Id.* at 380 n.10. Based on this distinction, this Court recognized that sentence enhancements were still appropriate where "*Shepard* documents demonstrate with certainty that the defendant [entered an *Alford*-type guilty plea] to a narrowed charge that would qualify [for a federal sentence enhancement]." *Id.* at 381. Because a no-contest plea in Michigan similarly requires the defendant to "admi[t] . . . all the essential elements of the charged offense," *People v. Kreigh*, 419 N.W.2d 59, 60 (Mich. Ct. App. 1988), *McMurray* does not bar us from relying on the elements of the crime charged in the felony information to determine Ferguson's eligibility for the mandatory minimum sentence.

Finally, in a letter sent to this Court pursuant to Fed. R. App. P. 28(j), Ferguson argues that because Michigan court rules permit a defendant to plead to an offense not charged in the indictment in entering a plea of no-contest, "a Michigan charging document [is] uniquely unhelpful as proof of a defendant's actual charge of conviction." However, we fail to see the relevance of this argument as the order of probation states that Ferguson pleaded to "Counts IV & V."

---

[4]This Court has defined an "*Alford*-type guilty plea" as "a guilty plea entered by a defendant who either: 1) maintains that he is innocent; or 2) without maintaining his innocence, 'is unwilling or unable to admit' that he committed 'acts constituting the crime.'" *United States v. Tunning*, 69 F.3d 107, 110 (6th Cir. 1995) (quoting *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)).

Because the mandatory minimum sentence was ultimately the proper sentence, we conclude that its imposition by the district court did not violate Ferguson's substantial rights.  *Wyatt*, 189 F. App'x at 421-22.  Given Ferguson's inability to meet his burden on this prong, we find it unnecessary to address the fourth prong of plain error review.

IV.

For the foregoing reasons, we affirm Ferguson's conviction and his sentence.