NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0931n.06

No. 12-3020

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Aug 21, 2012*
LEONARD GREEN, Clerk

ALFORD COTTON, et ux., )
)
    Plaintiffs-Appellants, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) SOUTHERN DISTRICT OF OHIO
CITY OF CINCINNATI, et al., )
)
    Defendants-Appellees. )

Before: SUTTON and GRIFFIN, Circuit Judges; DOWD, District Judge.[*]

SUTTON, Circuit Judge. The City of Cincinnati demolished a vacant, run-down building in June 2010. The owners of the building, Alford and Rubbie Cotton, filed a lawsuit against the City several months later, and the district court dismissed their complaint. We vacate the district court's judgment and remand for further consideration.

The Cottons purchased the building, located at 1673 Westwood Avenue, in 2002. R. 2 ¶ 10. Over the next seven years, they allowed it to deteriorate. In early 2009, city inspectors reported that the building was vacant, lacked heat and running water, was infested with mice and was littered with human excrement and drug paraphernalia. The City sought to declare the building a public nuisance.

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

The Cincinnati Municipal Code requires the City to hold a public hearing before declaring property a public nuisance and demolishing it. Cincinnati Mun. Code § 1101-57.2(1). The code directs the City to send notice of the hearing via certified mail "to all known parties of interest in the property, as determined from the official land records of Hamilton County." *Id*. § 1101-57.2(2). The entry in the county land records for the Westwood Avenue property identifies the Cottons as the owners and lists their address as 1673 Westwood Avenue—the same address as the targeted property. R. 5-9. The City sent notice of the hearing to the Cottons at this address via certified mail on October 16, 2009. R. 2 ¶ 16; R. 2-1 at 1-2. The City also posted notice of the hearing on the building and published notice in the City Bulletin for two consecutive weeks, as the municipal code then required. R. 2-1 at 3; R. 5-15 at 7, 10; Cincinnati Mun. Code § 1101-57.2(5), (6) (2009).

The hearing took place on October 30, 2009. R. 2 ¶ 20. The Cottons did not attend. R. 2-1 at 4. A building inspector testified that the structure violated numerous building-code provisions. The police department reported that the building was a frequent home to vagrants and posed a moral and safety hazard. The fire department said the building "constitutes a high fire hazard." *Id.* at 4. And a certified property manager explained that the building's decrepit condition lowered property values in the neighborhood. Based on this evidence, the City declared the building a public nuisance, ordered that it be demolished and required the Cottons to foot the bill. *Id*. at 3-5. The City mailed a letter to the Cottons, again at the 1673 Westwood Avenue address, telling them about the outcome. R. 2 ¶ 23; R. 2-1 at 3-8. The City hired two private contractors—Equipment Maintenance,

Inc. and EMR Unlimited—to perform the demolition and issued them a wrecking permit. R. 2 ¶ 32. The contractors demolished the building seven or so months later, in May and June 2010. *Id*. ¶ 33.

After the dust settled, the Cottons filed a lawsuit in state court against the City, two officials from the Department of Buildings and Inspections and the private contractors who performed the demolition. R. 2. The Cottons alleged the defendants violated the Due Process Clause (by providing inadequate notice of the condemnation proceedings) and the Fourth Amendment (by demolishing the building without obtaining a warrant). R. 2 ¶¶ 78-83. The Cottons also brought a state-law trespass claim and sought a writ of mandamus to force the City to institute eminent domain proceedings to compensate them for "taking" their property. *Id*. ¶¶ 65-74, 84-87. The defendants removed the case to federal court, and the district court granted their motion to dismiss.

On appeal, the Cottons allege that the City failed to give them adequate notice of the condemnation proceedings against their property. Before a local government may condemn and demolish private property, the Due Process Clause of the Fourteenth Amendment requires it to give "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Schroeder v. City of New York*, 371 U.S. 208, 211 (1962). Mailing direct notice to a party's address of record usually suffices. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 & n.4 (1983); *Walker v. City of Hutchinson, Kan.*, 352 U.S. 112, 116 (1956). But if "mailed notice . . . is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before" disposing of the property. *Jones v. Flowers*, 547 U.S. 220, 225 (2006).

The threshold question is whether the City successfully delivered notice by certified mail. In their complaint, the Cottons allege they never received the City's letters. R. 1-1 at 5. In response, the City asked the district court to take judicial notice of letters it sent to the Westwood address notifying the Cottons of the public-nuisance hearing aimed at the building. The district court took judicial notice of the letters and held that the letters (along with a posting on the property and publication notice) sufficed to satisfy the due process requirements of the Fourteenth Amendment.

The Cottons raise two initial objections to this analysis: (1) the district court should not have taken judicial notice of the mailings; and (2) in the alternative, if it is appropriate to take judicial notice of the mailings, it is equally appropriate to take judicial notice of something else, something discovered during appeal—public records show that the letters were returned as undelivered.

Under *Jones*, the status of the mailings—as delivered or not—is potentially outcome dispositive. 547 U.S. at 225. The City offers no tenable explanation why we should take judicial notice of public records showing that the letters were mailed but not take judicial notice of public records showing that the letters were returned as undelivered. To respect the one form of judicial notice but not the other creates a half truth, and an important one at that. *See* Fed R. Evid. 201(b); *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) ("[Rule 201] applies to appellate courts taking judicial notice of facts supported by documents not included in the record on appeal.").

In view of this development and in view of the reality that the district court had no opportunity to consider the relevance of this new information, we vacate the district court's judgment

and remand the case to give the district court the first shot at resolving the Cottons' claims in the

light cast by *all* of these public records.