NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0327n.06

No. 18-4027

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED** |
| | | Jun 27, 2019 |
| | | DEBORAH S. HUNT, Clerk |

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| SERGIO WATSON, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, BATCHELDER, and BUSH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. Sergio Watson pled guilty to possessing firearms, in violation of 18 U.S.C. § 922(g). Because of his prior criminal history, numerous violent felony convictions, and admission of guilt, the advisory Guidelines recommended a range of 100 to 120 months of incarceration. Neither party objected to the calculation. Watson requested a 60-month sentence based on several mitigating factors: his childhood poverty, history of drug abuse, work history, mental-health issues, and plans for the future.

At the sentencing hearing, the district court carefully reviewed the record and the 18 U.S.C. § 3553(a) factors before finding that Watson was a "very dangerous person . . . with an amazing criminal record." The district court had "rarely seen worse given this record and given this history." In responding to Watson's contention that his mental-health issues should be a mitigating factor, the district court stated:

> His cry for mental health treatment at this point rings hollow. I would suspect when
> you read the report, being familiar with the Community Corrections Facility that

> we have here in Summit County, being familiar with the other programs offered to the defendant, he certainly had every opportunity if he had a need or desired mental health treatment to make a request and/or to receive the same. And I will give reasons why I believe that to be the case.

The district court then went on to list all the "numerous, numerous chances, extensive chances" that Watson had received to request mental-health treatments that, as the district court explained it knows, are "clearly, without any doubt . . . typically part of the various programs" offered where Watson had been in custody before. The district court selected a 120-month sentence. The district court asked the parties for any objections and Watson made none regarding the district court's finding with respect to past opportunities for mental-health treatment.

On appeal, Watson challenges his sentence as substantively unreasonable. For the first time Watson asserts that he did not, in fact, ever have access to mental-health treatment during his prior incarcerations or remedial programs. Watson's only argument is that, because "the district court relied on unfounded assumptions and speculation" regarding prior opportunities for mental-health treatment when denying his request for a reduced sentence because of a mitigating factor, his sentence is substantively unreasonable.

As a preliminary matter, this is not a substantive-reasonableness challenge. Rather, the claim that the district court considered impermissible factors by relying on unfounded assumptions and speculation is a procedural-reasonableness challenge. *United States v. Rayyan*, 885 F.3d 436, 440, 442 (6th Cir. 2018). *See also Gall v. United States*, 552 U.S. 38, 51 (2007). We note that Watson submitted a letter under Federal Rule of Appellate Practice 28(j), pointing out that despite our recent published decision in *United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019), in which we held that consideration of an impermissible factor at sentencing is procedurally unreasonable, prior cases in our circuit have treated consideration of an impermissible factor at sentencing as substantively unreasonable. Watson argues that *Parrish* could not have overruled

those prior cases, citing *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996), for the proposition that only the en banc court can overrule a previously published panel opinion. His analysis is incorrect.

In *Parrish*, we explained that it was previously *unsettled*—never affirmatively decided—in our circuit as to whether consideration of an impermissible factor at sentencing is procedurally or substantively unreasonable. "But in 2016, the court settled the question, concluding that 'consideration of an impermissible factor is more properly considered a procedural, not substantive, error.'" *Parrish*, 915 F.3d at 1048 (citing *United States v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016)). Furthermore, *Parrish* also explained that a claim that the district court engaged in "unreasonable speculation . . . is simply another way of saying that the district court 'select[ed] a sentence based on clearly erroneous facts.' [] Such a claim [challenges the] procedural, not substantive, reasonableness" of a sentence. 915 F.3d at 1047 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). *Parrish* reaffirmed *Cabrera*, and their holdings are now binding in this circuit. Accordingly, we hold that Watson's claim—viewing unfounded assumption and speculation either as "impermissible factors" or "erroneous facts"—is a procedural-reasonableness challenge.

Nevertheless, the inaccurate framing of this challenge is immaterial because Watson did not object to the district court's supposed mistake after being given the opportunity to do so. We thus review for plain error, not reasonableness. *United States v. Simmons*, 587 F.3d 348, 353 (6th Cir. 2009). "Plain error exists where there is (1) error (2) that was obvious or clear, (3) that affected [the] defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018) (quotation omitted). "Accordingly, plain error is a standard that is extremely deferential to the

3

district court, and it should be found sparingly, only in exceptional circumstances, and solely to avoid a miscarriage of justice." *Id.* (quotation omitted).

Because there had been no opportunity to consider this supposed error during the district court proceedings, the government moved under Federal Rule of Appellate Procedure 10(e)(3) and Federal Rule of Evidence 201 for this court to take judicial notice of relevant state-court documents. *See also United States v. Ferguson*, 681 F.3d 826 (6th Cir. 2012) (holding that taking judicial notice of state-court proceedings for the first time on appeal is appropriate when the relevant documents—in that case *Shepard* documents—in those proceedings (1) are of reasonably indisputable accuracy, and (2) have a direct relation to the matter at issue on appeal). We granted the motion and allowed the government to file under seal. These documents demonstrate that not only did Watson have opportunities to seek treatment services while in custody, he *actually received treatment several times*. At a minimum, Watson received evaluation by a court psychologist in 2007 that indicated Watson "reports no mental health issues," as well as substance-abuse treatment and individual counseling in 2018.

The district court did not plainly err in imposing a 120-month sentence. We **AFFIRM**.