**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1352
_____

UNITED STATES OF AMERICA

v.

TYSHEEN GOTT,
also known as LB,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 20-cr-108-1)
District Judge:  Hon. Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 23, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: October 11, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Tysheen Gott raises a variety of challenges to his conviction and sentence for his role in a drug-trafficking conspiracy in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(A). With the exception of the District Court's imposition of a general sentence across several counts, which the Government concedes as error, none have merit. Thus we will vacate and remand to the District Court to correct its general sentence, and we will affirm in all other respects.

## I. DISCUSSION[1]

On appeal, Gott contends (1) that he received ineffective assistance of counsel and, in addition, that the District Court erred in (2) declining to take judicial notice of documents from a separate proceeding, (3) its drug quantity calculation, (4) its application of various sentencing enhancements, and (5) its imposition of a general sentence on Counts 2–9 in excess of the statutory maximum. We address these arguments in turn.

### A. Ineffective Assistance of Counsel

First, we address Gott's contention that he received ineffective assistance of counsel. We do not consider ineffective-assistance claims on direct appeal unless "the record is sufficient to allow determination of ineffective assistance of counsel" without an evidentiary hearing. *United States v. Polk*, 577 F.3d 515, 520 (3d Cir. 2009) (internal quotation marks omitted). That standard is not met here.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

Gott's primary contentions are that his counsel—who admitted on the record to being an alcoholic—did not acquire medical records from his hospitalization and outpatient recovery after he was shot in 2016 and refused to file an objection when the Government filed an Information to Establish Prior Conviction under 21 U.S.C. § 851. But the record has not been sufficiently developed to support a determination that his counsel's strategy was unreasonable or that Gott was prejudiced. *See Massaro v. United States*, 538 U.S. 500, 505 (2003). Without an evidentiary hearing, we cannot tell whether alcoholism affected his counsel's representation, nor can we resolve the parties dispute about the possible effect of his hospitalization and recovery in 2016. We thus decline to consider Gott's ineffective-assistance claim at this stage.

**B. Judicial Notice**

Gott also contends the District Court should have taken judicial notice of a different judge's opinion from another drug dealer's case because the opinion reflected that this dealer was known by the same nickname, L.B., that the Government ascribed to Gott.

Gott is correct, as a general matter, that "[j]udicial records are a source of reasonably indisputable accuracy when they record some judicial action such as dismissing an action, granting a motion, or finding a fact," and "[c]ourts can properly notice prior judicial acts for the purpose of acting upon them." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (internal quotation marks omitted). But notice of a judicial opinion is appropriate "not for the truth of the facts recited therein, but for the existence of the opinion." *S. Cross Overseas Agencies, Inc. v. Wah Kwong*

3

*Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Here, Gott requested notice not for the existence of the opinion, but to establish the truth of the facts in it. The District Court thus did not err in concluding that "we don't judicially take notice of or admit court opinions" for that purpose. App. 237.

## C. Drug Quantity Calculation

We review a district court's calculation of the drugs attributable to a defendant in a narcotics conspiracy for clear error, and "[w]e permit some degree of estimation . . . because the government usually cannot seize and measure all the drugs that flow through" such a large operation. *United States v. Williams*, 974 F.3d 320, 378 (3d Cir. 2020) (internal quotation marks omitted). Still, the information underlying these calculations "must have 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993) (quoting U.S.S.G. § 6A1.3(a)).

In this case, Gott argues that the drug estimates in the Presentence Investigation Report fall short of that standard.[2] His argument, however, rests on a selective reading of the record. For example, he contends the calculation of drugs purchased by one witness erroneously assumed she bought one brick of heroin and fentanyl every day, when she

---

[2] The Government urges us to review for plain error on the ground that Gott did not preserve his argument concerning drug quantity. *See United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002) (using plain error where "a defendant has failed to object to a purported error before the sentencing court" (quoting *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001))). But Gott did preserve the argument by protesting "internal inconsistencies" between testimony and the Government's notes and objecting that "the government is asking the Court to rely upon unreliable information to determine that 14 kilograms is the appropriate drug quantity." App. 624.

really bought one every other day. But that witness actually testified that she bought "a brick every day *or* every other day." App. 436 (emphasis added). Similarly, Gott claims that another witness estimated she purchased only two bricks from him every day, but her testimony reflects that she bought as many as four bricks in a day. He also protests that the District Court erred in adopting the estimate that one brick is equivalent to one gram of drugs, claiming the DEA lab report reflected an average of approximately 0.5 grams per brick. But the same report makes clear that some bricks contained considerably more than one gram of drugs, and one of Gott's suppliers testified that the baggers he employed used roughly one gram of drugs per brick.

On this record, we cannot say the District Court clearly erred in arriving at its drug calculation.

### D. Sentencing Enhancements

Gott next takes issue with the three sentencing enhancements applied by the District Court.

First, Gott argues that he did not qualify as an organizer or leader of the conspiracy under U.S.S.G. § 3B1.1(a) and, instead, was "at most" a manager or supervisor, pointing to evidence that he engaged in "[m]arketing, maintaining relations with customers and suppliers, [and] negotiating prices." Opening Br. 59. These activities, he contends, correspond to what we recognized in *United States v. Adair*, 38 F.4th 341 (3d Cir. 2022). But *Adair* does not set out a definitive list of factors and, indeed, acknowledged that engaging in conduct consistent with being a manager or supervisor "does not preclude [a defendant] from also being a leader." 38 F.4th at 355.

5

The question, rather, is whether the defendant exercised the "high-level directive power or influence over criminal activity needed for the leader enhancement," *id.* at 354, and in Gott's case, he did. Gott had runners to service customers, sought to create bank accounts under other people's names to hide proceeds, and regularly dispatched subordinates to obtain drugs in New Jersey. Although some of Gott's conduct was consistent with being a middleman, there was sufficient evidence of his "high-level directive power or influence" for the District Court to reasonably conclude the leadership enhancement was warranted. *Id.*

Second, Gott objects to the District Court's application of the enhancement for engaging in criminal conduct as a livelihood under U.S.S.G. § 2D1.1(b)(16)(E). According to Gott, the District Court wrongly focused on revenue rather than income in applying the enhancement. But the Court's statements on the record make it clear that it was, in fact, focused on Gott's involvement in drug activity since 1998 and his occupation exclusively as a drug dealer since 2014. Gott points to no contrary evidence in the record, and the Court's findings provide ample support for this enhancement.

The third enhancement to which Gott objects is for maintaining a premises for the purpose of manufacturing or distributing drugs under U.S.S.G. § 2D1.1(b)(12). As he describes it, the distribution or storage of drugs was "at most, incidental or collateral use of the residence," Opening Br. 64, whereas the enhancement is appropriate only when drug distribution is the sole use of the premises. Gott is mistaken. For the premises enhancement to apply, the Government need only prove, by a preponderance of the evidence, that the defendant "(1) knowingly (2) open[ed] or maintain[ed] any place (3)

6

for the purpose of manufacturing or distributing a controlled substance." *United States v. Carter*, 834 F.3d 259, 261 (3d Cir. 2016) (quoting *United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013)) (alterations in original). And here, the evidence at trial, including testimony of customers who purchased on the premises, established that Gott had stored and sold drugs at the residence for many years.

### E. Statutory Range

Lastly, Gott argues that the District Court's sentence exceeds the statutory maximum of twenty years on Counts 2–9, which charge violations of 21 U.S.C. § 841(b)(1)(C). The Court imposed a general sentence of "[t]hree hundred (300) months [twenty-five years] on Counts 1 through 9, to run concurrently." App. 6. As the Government concedes, this was error because "[u]nder the Sentencing Guidelines, a district court must impose a sentence on each count." *United States v. Andrews*, 681 F.3d 509, 532 (3d Cir. 2012). The District Court did so for Count 1, but not for Counts 2–9. Thus, we will vacate Gott's sentence and remand "for the limited purpose of allowing the District Court to clarify the sentence imposed on each count of conviction." *Id.*

## II.     CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment of conviction, vacate Gott's sentence, and remand to the District Court for the limited purpose of clarifying the sentence imposed on each count of conviction.